UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>         Plaintiff,<br><br>    v.<br><br>MORRIS-SHEA BRIDGE COMPANY, INC.,<br><br>         Defendant. | Case No. 1:23-cv-01725-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING (1) PLAINTIFF'S OBJECTIONS TO REMOVAL; AND (2) DEFENDANT MORRIS-SHEA BRIDGE COMPANY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO REQUIRE A MORE DEFINITE STATEMENT**<br><br>(Docs. 4, 6) |

Sergio Alvarez seeks damages against Morris-Shea Bridge Company, Inc. in the amount of $100,000, for alleged fraud. (*See generally* Doc. 1-3.) Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship. (*Id.*) Plaintiff objected to removal. (Doc. 6.) Before the Court are Plaintiff's objections to removal and Morris-Shea's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). (Doc. 4.) The motion to dismiss was referred to the undersigned for preparation of findings and recommendations. (Doc. 7.) The Court found the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing. (Doc. 11.)

For the reasons set forth below, the Court recommends (1) Plaintiff's objections to removal be overruled and, as construed, motion for remand be denied, and (2) Morris-Shea's

1 motion to dismiss be granted with leave to amend.

## I. BACKGROUND AND ALLEGATIONS

On November 1, 2023, Plaintiff filed a civil action in Fresno County Superior Court against Morris-Shea, seeking damages in the amount of $100,000. (Doc. 1-3, Compl. at 4.) Plaintiff alleged: "They modified my note from work I wrote email my check and they [wrote] that I didn't want to wait for it on the note." (*Id.*) In the attached civil cover sheet, Plaintiff described the case as one for "fraud." (*Id.* at 6.)

On December 15, 2023, Morris-Shea removed the action to this Court based on diversity jurisdiction. (Doc. 1 at 2.) Plaintiff filed objections to removal on January 2, 2024, (Doc. 6), to which Morris-Shea responded, (Doc. 8).

Morris-Shea filed the instant motion to dismiss on March 28, 2024, asserting that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Doc. 4-1.) Plaintiff filed objections to the motion to dismiss on February 23, 2024. (Doc. 12.) Morris-Shea did not respond to the objections.

## II. PLAINTIFF'S OBJECTIONS TO REMOVAL

Plaintiff challenges removal on the grounds that he has "a case against Morris Shea with the Labor Commission # RCI-CM-833048" and "that they file Dec 21 23 and still not got serve." (Doc. 6.) Plaintiff believes "that they are trying for [him] don't to go respond or show up." (*Id.*) Plaintiff also states that he "cant be missing work and get fired." (*Id.*)

A motion to remand is the proper procedure for challenging removal. *See Nelson v. Foster Poultry Farms,* No. 1:21-CV-222-JLT-BAM, 2023 WL 8600065, at *2 (E.D. Cal. Dec. 12, 2023). As Plaintiff is proceeding pro se, the Court construes Plaintiff's objections as a motion to remand. A plaintiff may move to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. *Id.* (citing 28 U.S.C. § 1447(c)). The party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *Id.*

1. <u>Plaintiff does not dispute the district court's jurisdiction.</u>

Under 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).  As indicated in Morris-Shea's Notice of Removal, Plaintiff resides in California and Morris-Shea is an Alabama corporation with its principal place of business in Alabama. (Doc. 1 at 2).  Plaintiff's Complaint seeks $100,000 in damages. (Compl. at 4.)  Plaintiff does not dispute that there is complete diversity of citizenship between the parties or that the amount in controversy exceeds $75,000.  The district court therefore has diversity jurisdiction over this matter.

To the extent Plaintiff's objections may be read to suggest that a separate Labor Commission proceeding against Morris-Shea divests the district court of jurisdiction, Plaintiff cites no authority supporting such a proposition.

2. <u>Plaintiff does not identify any procedural defect warranting remand.</u>

Plaintiff appears to object to removal on procedural grounds.  He states, "they file Dec 21 23 and still not got serve." (Doc. 6.)  It is not clear that this objection relates to removal.  Instead, Plaintiff's objection seems directed at service of Morris-Shea's motion to dismiss, the only document filed on December 21, 2023. (*See* Doc. 4.).  Plaintiff was served with the motion to dismiss by mail on December 21, 2023. (Doc. 4-3.)  Even if Plaintiff's objection is directed at service of Morris-Shea's Notice of Removal, the record reflects that Morris-Shea filed the Notice on December 15, 2023, and served it on Plaintiff by mail on the same date. (Docs. 1, 1-5.)  Plaintiff does not suggest or otherwise argue that the Notice of Removal was untimely.

Plaintiff additionally asserts alleged difficulties associated with appearing in court.  These alleged difficulties provide no basis for remand as they neither deprive the district court of jurisdiction nor identify a defect in the removal procedure.

For these reasons, the Court recommends that Plaintiff's objections to removal be overruled and, as construed, motion to remand be denied.

**III.   MOTION TO DISMISS**

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when

1  "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal
2  theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

3      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
4  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
5  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is
6  facially plausible when it "allows the court to draw the reasonable inference that the defendant is
7  liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant
8  acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
9  plausibility standard. *Id.* (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962,
10 969 (2009). While a plaintiff's allegations are taken as true, courts "are not required to indulge
11 unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
12 (internal quotation marks and citation omitted).

13     In general, pro se complaints are held to less stringent standards than formal pleadings
14 drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court need not
15 assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel.*
16 *Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

17     To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts,
18 leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*
19 *Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

20          **B. Discussion and Analysis**

21     Morris-Shea contends that Plaintiff's Complaint should be dismissed for failure to state a
22 claim. To that end, Morris-Shea asserts that the Complaint fails to satisfy the pleading
23 requirements of Federal Rules of Civil Procedure 8(a)(2) and 9(b). In his objection to the motion
24 to dismiss, Plaintiff states that he would "like this case to be dismiss from federal court and stay
25 with the state court because this case is link to a labor commission case." (Doc. 12.) Plaintiff
26 alternatively requests a court hearing with Morris-Shea, but indicates that the Labor Commission
27 "has the note that Morris Shea wrote and I didn't." (*Id.*)

28     Having considered the Complaint, and the parties' arguments, the Court agrees that

Morris-Shea's motion to dismiss should be granted. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). As previously noted, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's complaint is short, but it is not a plain statement of his claims in compliance with the pleading requirements of Rule 8. Instead, it is a single sentence: "They modified my note from work I wrote email my check and they [wrote] that I didn't want to wait for it on the note." (Doc. 1-3 at 4.) This statement is insufficient to state a claim for relief that is plausible on its face. As a basic matter, it fails to include sufficient factual allegations clearly identifying what happened, when it happened, or who was involved.

Plaintiff's Complaint also lacks any clear connection between the allegations and his purported fraud claim. "Under California law, the elements of common law fraud are misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Grimes v. Mesa*, No. 22-CV-1345 TWR (JLB), 2023 WL 2977725, at *4 (S.D. Cal. Apr. 17, 2023) (citation and internal quotations omitted); *Gil v. Bank of America, N.A.*, 138 Cal. App. 4th 1371, 1381 (2006) ("The elements of fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage."). The single sentence in Plaintiff's Complaint, apparently alleging Morris-Shea wrote that Plaintiff "didn't want to wait for [his check]," is not sufficient to state a claim for fraud. Plaintiff's Complaint does not allege that Morris-Shea knew that such statement was false when it was made. Nor does the Complaint allege that Morris-Shea wrote the statement on the note with an intent to defraud Plaintiff. Further, the Complaint fails to explain how Plaintiff justifiably relied on the written statement or how any such reliance resulted in damages to Plaintiff.

In addition, Plaintiff's claim of fraud is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "[i]n alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). Fraud-based claims "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Considering Plaintiff's failure to plead sufficient facts to state a claim under Rule 8, Plaintiff's Complaint likewise fails to satisfy the stricter pleading requirements of Rule 9(b).

In light of Plaintiff's pro se status, it will be recommended that Morris-Shea's motion to dismiss be granted with leave to amend. Although the Complaint contains pleading deficiencies, it is not "absolutely clear" that amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (citation omitted). Based on this determination, it is unnecessary to reach Morris-Shea's alternative request to order Plaintiff to provide a more definite statement.

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's objections to removal be overruled and, as construed, motion to remand be denied (Doc. 6).
2. Morris-Shea's motion to dismiss (Doc. 4) be granted.
3. Plaintiff's Complaint be dismissed without prejudice and with leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's

factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| | |
|---|---|
| Dated:  **April 22, 2024** | /s/ *Barbara A. McAuliffe* |
| | UNITED STATES MAGISTRATE JUDGE |