UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>           Plaintiff,<br><br>      v.<br><br>MORRIS-SHEA BRIDGE COMPANY, INC.,<br><br>           Defendant. | Case No. 1:23-cv-01725-JLT-BAM<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>**TWENTY-ONE DAY DEADLINE** |

Sergio Alvarez is proceeding *pro se* in this civil action against Morris-Shea Bridge Company, Inc. Morris-Shea removed the action from Fresno County Superior Court based on diversity jurisdiction. (*See generally* Docs. 1-3.) Plaintiff objected to removal. (Doc. 6.)

On December 21, 2023, Morris-Shea filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Rule 12(c). (Doc. 4.) The motion was referred to the undersigned for preparation of findings and recommendations. (Doc. 7.)

On April 22, 2024, the undersigned issued findings and recommendations that recommended (1) Plaintiff's objections to removal be overruled and, as construed, motion for remand be denied; (2) Morris-Shea's motion to dismiss be granted; and (3) Plaintiff's complaint be dismissed without prejudice and with leave to amend. (Doc. 14.)

On May 14, 2024, the district court adopted the findings and recommendations, overruled Plaintiff's objections to removal and, as construed, denied Plaintiff's motion to remand. The

district court also granted Morris-Shea's motion to dismiss and dismissed Plaintiff's complaint without prejudice and with leave to amend. (Doc. 16.) The district court ordered Plaintiff to file an amended complaint within 21 days of the date of service of the order. The district court advised Plaintiff that the failure to file an amended complaint would result in dismissal of this action without further notice. (Doc. 16 at 2.)

To date, Plaintiff has not filed an amended complaint.[1] Instead, Plaintiff submitted two letters (or notices) to the Court. (*See* Docs. 17, 18.) The first letter, dated 5/17/24, appears to be an attempt by Plaintiff to submit exhibits or evidence in this case. The letter states: "I have my original note the fraugelent note of Morris Shea that send to the labor Commission that never said what they send to them I got a copie of the note and its my my signature only and writing is not and the paper was not that one[.]" (Doc. 17 at 1) (unedited text). Attached to the letter is a note, which states: "Please mail my check today by certified mail. I do not want to wait." (Doc. 17 at 2.) The note appears to be signed by Plaintiff with a date of 2/25/21. (*Id.*) The second letter submitted to the Court, dated 5/31/24, appears to be additional objections to removal of the action. The letter states:

> I turn more evidence in I think it needs to get review for [further] decision instead of making a decision because you clearly see they wrote that letter two different hand writing what you guys mean citizenship. I wanted it to stay in state court there a reason they wanted in federal court I got the right to get hear in state court. I evidence is there and I got a another with them in Labor Commission Office but they are trying not the whole true about everything and they send false information to the labor commission but if it was me I will be going to jail and pay fees but they don't. I just want the Court to be fair with me too not just them.

(Doc. 18 at 1.) Plaintiff's letters (or notices) cannot be construed as an amended complaint in compliance with the Court's order.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

---

[1] On June 25, 2024, Morris-Shea submitted a proposed order to dismiss Plaintiff's complaint with prejudice based on the failure to file an amended complaint. (Doc. 19.)

2

appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).

Accordingly, Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed for failure to obey the Court's order and failure to prosecute this action. Plaintiff shall file a written response to this order to show cause within **twenty-one (21) days** of service of this order. Plaintiff may comply with this order by filing a first amended complaint.

If Plaintiff elects to file an amended complaint, then the complaint must be clearly titled "First Amended Complaint" and comply with Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff also is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:  **July 10, 2024**            /s/ *Barbara A. McAuliffe*            
                                   UNITED STATES MAGISTRATE JUDGE

3