UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ, | Case No.  1:23-cv-01725-JLT-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (Docs. 20, 21) |
| MORRIS-SHEA BRIDGE COMPANY, INC., | |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Sergio Alvarez is proceeding *pro se* in this civil action against Morris-Shea Bridge Company, Inc.  Morris-Shea removed the action from Fresno County Superior Court based on diversity jurisdiction.  (*See generally* Docs. 1-3.)  Plaintiff objected to removal.  (Doc. 6.)

On December 21, 2023, Morris-Shea filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Rule 12(c).  (Doc. 4.)  On May 14, 2024, the district court overruled Plaintiff's objections to removal and granted Morris-Shea's motion to dismiss.  The district court dismissed Plaintiff's complaint without prejudice and with leave to amend, ordering Plaintiff to file an amended complaint within 21 days of the date of service of the order.  (Doc. 16.)  The district court advised Plaintiff that the failure to file an amended complaint would result in dismissal of this action without further notice.  (*Id.* at 2.)

1

1    In lieu of an amended complaint, Plaintiff submitted two letters (or notices) to the Court.
2    (*See* Docs. 17, 18.)  The first letter, dated 5/17/24, appeared to be an attempt by Plaintiff to
3    submit exhibits or evidence in this case.  (Doc. 17 at 1).  The second letter, dated 5/31/24,
4    appeared to be additional objections to removal of the action. (Doc. 18 at 1.)

5    On July 11, 2024, the Court informed Plaintiff that his letters (or notices) could not be
6    construed as an amended complaint in compliance with the Court's order.  (Doc. 20.)  The Court
7    therefore ordered Plaintiff to show cause why this action should not be dismissed for failure to
8    obey the Court's order and failure to prosecute this action.  Plaintiff was directed to file a written
9    response within twenty-one (21) days of service of the order.  The Court informed Plaintiff that
10   he could comply with the show cause order by filing a first amended complaint.  The Court
11   further informed Plaintiff that if he elected to file an amended complaint, then it must be clearly
12   titled "First Amended Complaint." (*Id.* at 3.)  Plaintiff was advised that failure to comply with
13   the show cause order would result in a recommendation that this action be dismissed.  (*Id.*)

14   On July 17, 2024, Plaintiff filed an apparent response to the show cause order.  (Doc. 21.)
15   In his response, Plaintiff states:

> To who it my concern I think this case should stay in State court because the signuture and the note handwriting does not match at all and I think they should show there evidence why they wanted dismiss intead going to court and let someone look at this complaint.  This signuture and handwriting don't match at all and this is what they send to my employer and Labor Commission.

19   (Doc. 21) (unedited text).

20   Although Plaintiff responded to the Court's show cause order, the response appears to be
21   an additional objection to removal, along with an attempt to submit purported evidence in this
22   case.  (*See id.* at 2.)  The response does not show cause why this action should not be dismissed
23   for failure to obey the Court's order to file an amended complaint or for failure to prosecute.
24   The response also cannot be construed as a First Amended Complaint.  It is not clearly titled
25   "First Amended Complaint" as directed by the Court and it does not include sufficient factual
26   allegations to state a claim for relief.  The deadline for Plaintiff to file his first amended
27   complaint has passed and Plaintiff has not complied with the Court's orders.  The Court therefore
28   will recommend dismissal of this action.

2

## II. Failure to Obey a Court Order/Failure to Prosecute

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's first amended complaint is overdue. The action cannot proceed without an operative complaint. It also cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case in a meaningful manner. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs

against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Despite multiple opportunities to file a first amended complaint, Plaintiff has failed to do so.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 14, 2024 order advised Plaintiff that the failure to file an amended complaint would result in dismissal of this action. (*See* Doc. 16 at 2.) The Court's July 11, 2024 show cause order also warned Plaintiff that the failure to comply would result in a recommendation that this action be dismissed. (*See* Doc. 20 at 3.) Plaintiff therefore had adequate warning that dismissal could result from his failure to file a first amended complaint and his failure to prosecute this action.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. There is no indication that monetary sanctions or the preclusion of evidence or witnesses would have any effect given that Plaintiff has repeatedly failed to file a first amended complaint.

**III.    Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to obey the Court's orders and for failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 9, 2024__     /s/ *Barbara A. McAuliffe*_
UNITED STATES MAGISTRATE JUDGE

5