UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MORRIS-SHEA BRIDGE COMPANY, INC.,<br><br>        Defendant. | No. 1:23-cv-01725-JLT-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(Doc. 28) |

      Plaintiff Sergio Alvarez seeks damages against Defendant Morris-Shea Bridge Company, Inc. for alleged fraud. (*See generally* Doc. 1-3.) Morris-Shea removed the action from Fresno County Superior Court based on diversity of citizenship. (Doc. 1.) Plaintiff objected to removal. (Doc. 6.)

      On December 21, 2023, Morris-Shea filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement. (Doc. 4.) The motion was referred to the undersigned Magistrate Judge for preparation of findings and recommendations. (Doc. 7.) On April 22, 2024, the undersigned Magistrate Judge issued Findings and Recommendations that recommended (1) Plaintiff's objections to removal be overruled and, as construed, motion for remand be denied, (2) Morris-Shea's motion to dismiss be

1

granted, and (3) Plaintiff's complaint be dismissed without prejudice and with leave to amend. (Doc. 14.) On May 14, 2024, the district court adopted the Findings and Recommendations, overruled Plaintiff's objections to removal, denied Plaintiff's motion to remand, granted Morris-Shea's motion to dismiss, and dismissed Plaintiff's complaint without prejudice and with leave to amend. (Doc. 16.)  Plaintiff failed to file a timely first amended complaint.

On July 11, 2024, the undersigned Magistrate Judge issued an order directing Plaintiff to show cause why this action should not be dismissed based on Plaintiff's failure to file an amended complaint and to prosecute this action. (Doc. 20.) Plaintiff responded to the show cause order on July 17, 2024, but did not file an amended complaint. (Doc. 21.)

On August 12, 2024, the undersigned Magistrate Judge issued Findings and Recommendations that recommended this action be dismissed based on Plaintiff's failure to obey the Court's orders to file a first amended complaint and for failure to prosecute this action. (Doc. 24.) Plaintiff filed objections to the Findings and Recommendations on August 15, 2024. (Doc. 27.) The Findings and Recommendations remain pending.

Currently before the Court is Plaintiff's motion for a new judge filed on August 30, 2024. (Doc. 28.) In his motion, Plaintiff asks for a new judge because he believes "this Judge is being prejudice" and is "taking the defendant side and not really [seeing] all the evidence and situation." (*Id.* at 1.) Plaintiff also feels that he is "not getting treated fairly." (*Id.*) Morris-Shea filed an opposition to the motion. (Doc. 29.)

A magistrate judge must disqualify herself if her "impartiality might be reasonably," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147.

While it is unclear if Plaintiff seeks a new magistrate judge, a new district judge, or both, Plaintiff is informed that a motion to disqualify a judge must be decided by the judge whose impartiality is being questioned.  *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 868, 868 (9th Cir. 1980)).  To the extent Plaintiff seeks disqualification of the assigned magistrate judge, the undersigned will address Plaintiff's motion.

Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the undersigned.  Plaintiff's unspecified allegations regarding the undersigned's prejudice, with no explanation, cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other party.  Plaintiff's assertions of prejudice or unfairness appear to be premised on judicial rulings in this action.  However, judicial rulings, in and of themselves, do not constitute bias or partiality.  *See Johnson*, 610 F.3d at 1147; *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  Plaintiff's conclusory statements and allegations are insufficient to establish that the undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists.  Accordingly, Plaintiff's motion for recusal of the magistrate judge (Doc. 28) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **September 16, 2024**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3